THURBER & COMPANY vs. HOLMES et al.

The evidence being conflicting, this court will not control the presiding judge in overruling the motion for a new trial on the ground that the verdict is decidedly against the weight of the evidence, there being evidence to support the finding.

New trial. Before Judge HARRIS. Glynn Superior Court. May Adjourned Term, 1878.

Two cases were tried together. Holmes et al. were plaintiffs in fi. fa.; Parker was defendant; Thurber & Co. et al. claimed money raised under plaintiffs' fi. fas. These fi. fas. were founded on judgments in attachment in the usual form. The principal point in controversy was whether or not a note of defendant to Holmes had been placed in the hands of the attorneys who represented the claimants, with an agreement that the amount be collected and divided pro rata. The evidence was conflicting. The jury found for plaintiffs. Claimants moved for a new trial ; it was refused, and they excepted.

GOODYEAR & HARRIS, for plaintiffs in error.

MERSHON & SMITH, for defendants.

JACKSON, Justice.

The issue on trial was whether a certain chose in action had been assigned to the plaintiffs in error, or was, at the date of the summons of garnishment of Holmes and others, still the property of the defendant in their judgments, the chose in action having been converted into money and the fund being in the sheriff's hands.

An examination of the testimony contained in the record shows conflict on that issue, the evidence being some of it direct and some circumstantial. The jury have passed upon t ; the presiding judge has approved their finding, and the rule of this court in such a case is long established and in-

flexible. There is nothing here to take the case out of that rule. The very fact that the judgment on the chose in action was obtained in the name of the defendant in execution, that the suit was brought in his name alone, and for the use of none of those to whom it is claimed to have been assigned, is a circumstance on which the verdict may rest. We are not to decide what we would have done, or whom we would have believed, had we been on the jury. That was matter for their consideration and finding, and the law will not permit us to set aside that finding, the judge who presided being satisfied therewith.

Judgment affirmed.